# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| WALTER DANIEL CHAPA MARTY, <br> #45418-509, <br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br> No. 3:24-cv-2022-E <br> (No. 3:21-cr-112-E-12) |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant Walter Daniel Chapa Marty's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1. On August 16, 2024, the court ordered Movant to address why his motion should not be dismissed as untimely and Movant filed a response along with a motion for leave to file 28 U.S.C. § 2255. Doc. 4; Doc. 5. Upon review of the relevant pleadings and applicable law, Movant's § 2255 motion is summarily **DISMISSED WITH PREJUDICE** as time barred and his motion for leave to file is **DENIED** as moot.

I.   BACKGROUND

Movant pleaded guilty to conspiracy to possess with intent to distribute a controlled substance and, on February 14, 2023, was sentenced to 121 months' imprisonment and a three-year term of supervised release. Crim. Doc. 417.[1] He did not file a direct appeal. On May 16, 2024, the court reduced his sentence to 97 months under U.S. Sentencing Guidelines Amendment 821. Crim. Doc. 601.

---

[1] All "Crim. Doc." Citations refer to the related criminal case, *United States v. Marty*, No. 3:21-cr-00112-E-12. And all "Doc." Citations refer to this § 2255 case.

MEMORANDUM OPINION AND ORDER                                                                                           Page **1** of **9**

On August 7, 2024, Movant filed this motion under 28 U.S.C. § 2255 asserting ineffective assistance of counsel at sentencing and for failing to file a timely notice of appeal. Doc. 1 at 4-5; Doc. 2. Because Movant's § 2255 motion appeared untimely, the court directed him to respond regarding the application of the one-year limitations period, which he has now done. Doc. 4; Doc. 5. Upon review, the court concludes that Movant's § 2255 motion is barred by the applicable limitations period. Thus, his § 2255 motion should be summarily dismissed.

## II.   ANALYSIS

A motion under 28 U.S.C. § 2255 is subject to initial review and summary dismissal when appropriate. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

### A.  The § 2255 Motion is Time Barred

Section 2255 contains a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The court may consider the limitations period *sua sponte* after providing notice and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). The one-year period begins to run from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant does not allege any facts that could trigger a starting date under § 2255(f)(2)-(4). So the limitations period began to run when his judgment of conviction became final under § 2255(f)(1). The Supreme Court has held that a judgment of conviction becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003). Contrary to his assertion, Movant had 14 days not 60 days to appeal from the judgment of conviction in his criminal case. *See* Fed. R. App. P. 4(b)(1)(A) (providing 14 days to file a notice of appeal in a criminal case). Movant mistakenly cites to Fed. R. App. P. 4(a)(5)(A) and (C), the rule for appealing judgments in civil cases and for filing motions for extension of time. Doc. 1 at 11; Doc. 2 at 5. Thus, under § 2255(f)(1), Movant's judgment of conviction became final on February 28, 2023, the last day he could have filed a timely direct appeal from the February 14, 2023 judgment of conviction. Crim. Doc. 417.

Calculated from that date, Movant's § 2255 motion was due by February 28, 2024. However, Movant did not file his § 2255 motion until August 7, 2024—considered filed at the earliest on July 30, 2024, when he signed it and likely also handed it to prison officials for mailing. Doc. 1 at 12; *see* Rule 3(d) of the Rules Governing Section 2255 Proceedings (applying the "mailbox rule" to inmates who use the jail/prison's mail system). Thus, Movant's § 2255 motion is untimely under § 2255(f)(1) absent equitable tolling.

### B. There is No Basis for Equitable Tolling

Even when liberally construed, Movant presents no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his

§ 2255 motion. Notably, "equitable tolling is discretionary." *Christmas v. Hooper*, 118 F.4th 724, 732 (5th Cir. 2024). It is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). And "the extraordinary circumstances . . . must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quotations and citations omitted).

A movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and quoted case omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653 (quotations and quoted cases omitted). Yet the courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'" *Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (per curiam) (quoted case omitted). Unexplained delays do not suggest due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Movant's arguments in favor of equitable tolling are unpersuasive. He states that his § 2255 motion should be considered timely under § 2255(f)(1) or he should be granted an out-of-time appeal. Doc. 1 at 11. Movant asserts that he asked defense counsel to file a notice of appeal and that he failed to do so. *Id.*; *see also* Doc. 5 at 2. Movant also asserts that counsel was ineffective and failed to explain adequately his right to appeal and failed to inform him about the one-year statute of limitations for filing a § 2255 motion. *Id.*

At outset, the court notes that Movant did not pursue the habeas "process with diligence

and alacrity[.]" *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam).  As previously noted, he squandered the entire one-year period for filing his § 2255 motion.  He waited more than 17 months from the date his conviction became final to mail his § 2255 motion and does not detail the efforts, if any, that he made to file a timely § 2255 motion.  The record also confirms that during the one-year period, Movant successfully litigated a motion to reduce sentence based on the retroactive U.S. Sentencing Guideline Amendment 821.  Crim. Doc. 563; Crim. Doc. 581.  Under these circumstances, Movant offers no evidence or explanation to demonstrate his "reasonable diligence" in pursuing his habeas rights.  *See Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019).

Further, extended periods of inactivity, as in this case, reveal a lack of due diligence.  Unexplained delays neither show due diligence nor rare and extraordinary circumstances.  *See Fisher*, 174 F.3d at 715 ("[E]quity is not intended for those who sleep on their rights." (quotation and quoted case omitted)).  On this record, the court concludes that Movant did not pursue the habeas "process with diligence and alacrity." *Phillips*, 216 F.3d at 511.

Nor does Movant allege that he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights.  He contends that counsel did not file a direct appeal as he had requested and failed to advise him about the one-year limitations period for filing a § 2255 motion.  Doc. 5 at 2.  First, Movant's assertions of ineffective assistance of counsel during the 14-day period for filing a direct appeal have no bearing on equitable tolling because the alleged deficiencies necessarily preceded the beginning of the one-year limitations period.  *See Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000) (ineffective assistance of counsel on appeal is not relevant to equitable tolling).

Second, any alleged ineffective assistance in failing to advise Movant about the one-year limitations period for § 2255 motions is not the kind of egregious behavior that excuses Movant's failure to timely assert his habeas rights. Equitable tolling applies mainly where a petitioner is actively misled by his attorney or someone else. *See Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citations omitted); *Williams v. Thaler*, 400 F. App'x 886, 892 (5th Cir. 2010). Also, "ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Likewise, the Sixth Amendment does not require counsel to inform a defendant of the availability of collateral relief or any bar for seeking such relief. *See James v. United States*, No. 3:22-CV-2087-N-BK, 2023 WL 5437177, at *2 (N.D. Tex. July 18, 2023), *R. & R. accepted*, No. 3:22-CV-2087-N-BK, 2023 WL 5437769 (N.D. Tex. Aug. 22, 2023).

Nor does Movant contend that any misrepresentation or misinformation received from his counsel contributed to the lapse of the one-year statute of limitations. *Cf. United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (attorney's misrepresentations may be grounds for equitable tolling); *Jimenez v. Butcher*, 839 F. App'x 918, 920 (5th Cir. 2021) ("[C]ombined deception and tardiness of counsel constitute[d] extraordinary circumstances, which, considered together, resulted in [the petitioner] missing the time target of the limitations period."); *Vineyard v. Dretke,* 125 F. App'x 551, 553 (5th Cir. 2005) (equitable tolling is warranted when an attorney affirmatively misinforms his client and causes him to miss the limitations period). Movant's bare assertions here do not amount to egregious behavior that prevented him, in some extraordinary way, from timely asserting his rights.

Additionally, Movant's *pro se* status and unfamiliarity with the law do not rise to the level

of a rare or exceptional circumstance that would warrant equitable tolling. *See Petty*, 530 F.3d at 365-66 (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). A limited education is a disability common to many incarcerated persons and, as such, it does not justify equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("It is irrelevant whether the unfamiliarity [with the law] is due to illiteracy or any other reason.").

In sum, Movant has presented no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. Thus, Movant has not carried his burden of establishing that equitable tolling is warranted. *Petty*, 530 F.3d at 365. His § 2255 motion should thus be dismissed as time barred.

### III.    EVIDENTIARY HEARING

Movant requests an evidentiary hearing to expound on his limitations arguments and claims of ineffective assistance. Doc. 1 at 12. An evidentiary hearing is not required, however. "When the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981). "A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)).

To determine whether a movant is entitled to an evidentiary hearing with respect to equitable tolling, the court "must first consider the requirements applicable to the underlying relief sought," which here is whether the movant has presented "'independent indicia of the likely merit

of [his] allegations'" concerning equitable tolling. *United States v. Valles*, No. 19-50343, 2023 WL 248889, at *2 (5th Cir. Jan. 18, 2023) (quoting *Reed*, 719 F.3d at 373). Conclusory allegations and unsupported generalizations, unsubstantiated by evidence, are "insufficient to support equitable tolling or require an evidentiary hearing." *Id.* at *2 (citation omitted). Because the pleadings and the record establish that Movant's § 2255 motion is untimely and there is no basis for equitable tolling, no evidentiary hearing is required.

### IV. APPOINTMENT OF COUNSEL

Movant also requests appointment of counsel. Doc. 2 at 5. A movant is not entitled to counsel in a collateral proceeding under 28 U.S.C. § 2255. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Court provides for the appointment of counsel "[i]f an evidentiary hearing is required." It also provides that appointment of counsel is not limited "at any stage of the case if the interest of justice so requires."

Because no hearing is required and Movant has not shown that justice requires the appointment of counsel, his request for appointment of counsel is denied.

### V. CONCLUSION

For all these reasons, Movant's § 2255 motion is summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the Rules Governing Section 2255 Proceedings. Movant's motion for leave to file is **DENIED** as moot. Doc. 5.

(*Signature page follows*).

**SO ORDERED this 10th day of January, 2025.**

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE